UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
MICHAEL B. THOMAS,              )
                                )    Bankruptcy No. 07-01253
     Debtor.                    )
--------------------------------)
RENEE K. HANRAHAN, Trustee,     )
                                )    Adversary No. 08-09006
     Plaintiff,                 )
                                )
vs.                             )
                                )
UNIVERSITY OF IOWA COMMUNITY    )
CREDIT UNION,                   )
                                )
     Defendant.                 )
```

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

The above captioned matter came on for hearing on March 14, 2008 pursuant to assignment. Plaintiff/Trustee was represented by Attorney Wesley Huisinga. Defendant University of Iowa Community Credit Union was represented by Attorney Robert Michael. The parties have submitted briefs and argued their positions. The time for filing supplemental briefs has passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) & (K).

**STATEMENT OF THE CASE**

Debtor Michael B. Thomas filed his Chapter 7 bankruptcy petition on July 13, 2007. At the time of filing, Debtor owned a parcel of real estate located in Cedar County Iowa. Debtor scheduled this property as being encumbered by a mortgage in favor of the University of Iowa Community Credit Union. Trustee filed this adversary proceeding on January 11, 2008. She asserts that, pursuant to 11 U.S.C. § 544(a)(3), she is entitled to avoid the lien of the Credit Union and is entitled to recover this real estate for the benefit of the bankruptcy estate, free and clear of any lien or property interest claimed by the Credit Union.

Trustee filed this Motion for Summary Judgment asserting there are no facts in dispute and the issues raised in the adversary complaint can be resolved as a matter of law in favor of Trustee. The Credit Union denies that Plaintiff is entitled

to summary judgment and maintains that it has a valid mortgage lien upon this real estate.

## FACTS

The operative facts are largely undisputed.  Debtor owns a parcel of residential real estate in West Branch, Iowa, known locally as 117 Valley Road.  This property was deeded by warranty deed to Debtor on September 15, 2000.  At that time, an abstract of title was created for the property by a local abstracting company.  Debtor received a loan from the Credit Union using this property as collateral.  Between December 2001 and August 2005, Debtor executed as many as six separate mortgages.  All the mortgages contain the same legal description and were recorded in the same manner.  Debtor executed the present mortgage in favor of the Credit Union on January 9, 2006.  The mortgage was recorded on January 16, 2006.  Debtor filed his Chapter 7 petition on July 13, 2007.

The property at 117 Valley Road, West Branch, Cedar County, Iowa is correctly legally described as:

> A tract of land located in the Northwest Quarter of Section 19, Township 80 North, Range 3 West of the 5th Principal Meridian, Cedar County, Iowa.  Said tract of land being a part of Lot 5 and a part of Block 1 of a plat recorded in Book 3 page 251 of the Cedar County Surveyor's Records, and more particularly bounded and described, to-wit: Commencing at the Northwest corner of said Section 19 and assuming the north line of the Northwest quarter to bear N90°00'E; thence N90°00'E along the north line of said Section 19, a distance of 907.52 feet to wood corner post, thence S8°15'E a distance of 70.15 feet; thence N81°45'E a distance of 52.80 feet; thence S8°15'E a distance of 34.98 feet; thence S44°10'W a distance of 215.00 feet; thence N41°40'W a distance of 181.80 feet:

The property adjacent to Debtor's property is known locally as 109 Valley Road.  This property is owned by Dean G. and Jean M. Frauenholtz.  The property of Mr. and Mrs. Frauenholtz is correctly legally described as:

> A parcel of land in the Northwest Quarter of the Northwest Quarter of Section 19, Tounship 80, North, Range 3 West of the 5th Principal Meridian, Cedar County, Iowa, and more particularly described as follows: Assuming the North line of the Northwest

      Quarter of said Section 19 to bear due East and West and beginning 504.2 feet East of the Northwest corner of said Section 19; thence South 21°13' East 411.0 feet; thence South 39°22' East 77.8 feet to the North line of Lots 5 and 6 as shown in Surveyor's Record 3 on page 251; thence along said line North 44°10' East 79.50 feet to the West line of a tract of land shown in Surveyor's Record 5 on page 38; thence North 41°40' West 55.80 feet; thence North 60°29' East a distance of 233.55 feet; thence North 08°15' West 226.85 feet to the North line of the Northwest Quarter of the Northwest Quarter of said Section 19; thence West 403.32 feet to the place of beginning.

      The cover of the abstract of title to Debtor's 117 Valley Road property is incorrect. The legal description is an accurate and complete legal description. However, it legally describes the property located at 109 Valley Road belonging to Mr. and Mrs. Frauenholtz. The Credit Union utilized the incorrect legal description located on the front of the abstract of title to 117 Valley Road when it drafted the mortgage. The mortgage was properly executed and was recorded by the Credit Union on January 16, 2006.

      The Credit Union asserts that in the execution and recording of each of these mortgages, it was the intention of the parties to create a mortgage and a lien on the property located at 117 Valley Road. It asserts that the mortgage contains a reference to the fact that the property was located at 117 Valley Road, West Branch, Iowa. While the Credit Union acknowledges that the mortgage incorrectly describes the real estate, it states that a lien search relating to Michael B. Thomas located at 117 Valley Road, West Branch, Iowa, 52358, would reflect the Credit Union's mortgage and lien on Debtor's property.

## SUMMARY JUDGMENT

      Trustee asserts that summary judgment is appropriate as a matter of law. Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment in adversary proceedings. Fed. R. Bankr. P. 7056, adopting Fed. R. Civ. P. 56. This rule provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court considering a motion for summary judgment "must view all of the facts in the light most favorable to the nonmoving party and give that party

the benefit of all reasonable inferences that can be drawn from the facts." Webster Indus. v. Northwood Doors, Inc., 320 F. Supp 2d 821, 828 (N.D. Iowa Jan. 11, 2004) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Quick v. Donaldson Co., 90 F.3d 1372, 1376-77 (8th Cir 1996)).

### 11 U.S.C. § 544(a)(3)

Trustee seeks avoidance of the Credit Union's mortgage. Section 544(a)(3) of the Bankruptcy Code provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> . . .
>
>    (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

These provisions provide the Chapter 7 Trustee with the powers of a hypothetical bona fide purchaser relative to any real property owned by the debtor at the time of the filing of the petition. In re Vondall, 364 B.R. 668, 670 (B.A.P. 8th Cir. 2007). As a bona fide purchaser without notice, the trustee has the same rights which a bona fide purchaser would have under state law. This includes the ability to take property free of any liens which are not properly perfected at the time of the filing of the petition. In re Marlar, 252 B.R. 743, 752 (B.A.P. 8th Cir. 2000), aff'd 267 F.3d 749 (8th Cir. 2001).

### IOWA RECORDATION STATUTES

Trustee's rights as a bona fide purchaser are determined by Iowa law. The applicable Iowa law is found in Iowa Code section 558.41(1) which provides:

> 1. <u>Effect of recording</u>. An instrument affecting real estate is of no validity against subsequent purchasers for a valuable consideration, without notice, or against the state or any of its political

>    subdivisions during and after condemnation proceedings
>    against the real estate, unless the instrument is filed
>    and recorded in the county in which the real estate is
>    located, as provided in this chapter.

Other relevant provisions are found at Iowa Code section 558.55 which provides:

>    The recorder must endorse upon every instrument
>    properly filed for record in the recorder's office, the
>    day, hour, and minute of the filing, and enter in the
>    index the entries required to be entered pursuant to
>    sections 558.49 and 558.52, and the filing and indexing
>    shall constitute constructive notice to all persons of
>    the rights of the grantees conferred by the
>    instruments.

The requirements for recordation by the County Auditor are defined by Iowa law and set forth in Iowa Code section 558.60:

>    The county auditor shall keep in the county
>    auditor's office books for the transfer of real estate,
>    which shall consist of a transfer book, index book, and
>    plat book. As used in this context, "book" means the
>    method of data storage and retrieval utilized by the
>    county auditor.
>
>    The auditor shall index the real estate transfers
>    by block and lot or by township, range, section,
>    section quarter, and subdivision, as occasion may
>    require. The transfer books shall show all of the
>    following:
>
>    1. Each grantor.
>
>    2. Each grantee.
>
>    3. The date of the instrument.
>
>    4. The nature of the instrument.
>
>    5. The document reference number where the record of
>    the instrument may be found.
>
>    6. The description of the real estate conveyed.

Iowa Code § 558.60.

As Trustee is a hypothetical bona fide purchaser, the actual knowledge of Trustee is not determinative of her status because of the provisions of 11 U.S.C. § 544(a)(3). However, Trustee may be charged with constructive notice, under Iowa Code section 558.55, which provides that documents filed in accordance with the Iowa recording statutes "shall constitute constructive notice to all persons of the rights of the grantees conferred by the instruments." Iowa Code § 558.55. A properly recorded instrument constitutes the constructive notice necessary to defeat the rights of a trustee as a hypothetical bona fide purchaser.

## ANALYSIS

While strict compliance with section 558.60 provides constructive notice, the issue is less clear when instruments contain errors in the legal description and are, therefore, not in compliance with Iowa Code section 558.60. The facts presented fall into the latter category. The issue, properly framed, is whether, under Iowa law, a properly recorded mortgage can constitute constructive notice to third parties when the legal description in the mortgage does not describe the subject property but rather contains the legal description for a different parcel of property.

Debtor's real estate was part of a new development. When it was sold in September 2000, the abstract was prepared by an abstracting company and, inadvertently, the legal description in this abstract actually contains the legal description for an adjoining parcel of real estate belonging to parties who are not involved in this dispute. Other than the fact that the legal description identifies the wrong parcel of property, the description itself is complete and accurate.

Because of the nature of the arguments of the Credit Union, it is appropriate to begin with an examination of the Iowa Recordation Statute. The specific requirements for recordation are contained in Iowa Code section 558.60 as previously set out in full. This statute requires recordation of documents in the index of the county auditor. The first five sections of the statute require identification of the grantor and grantee. The instrument in question must be dated and an explanation provided as to the nature of the instrument to be recorded. The critical elements of this Code section, for present purposes, are found in the first four lines of the second paragraph which states: "The auditor shall index the real estate transfers by block or lot or by township, range, section, section quarter, and subdivision, as occasion may require." Iowa Code § 558.60.

6

Additionally, paragraph six of this section states that the document shall contain: "6. The description of the real estate conveyed." Iowa Code § 558.60. The most critical element in the recordation process is the accuracy of the legal description. It is through the description that the property is indexed. When a search of land records is made, it is through the legal description of the respective properties. See Scoles v. Wilsey, 11 Iowa 261, 1860 WL 362, at *3 (Iowa 1860). Though it is necessary that the recorded document contain the name of the grantor and the grantee, the indispensable requirement is a correct legal description of the subject real estate.

A properly described and properly recorded document provides constructive notice. This principle is well established in the Eighth Circuit. The Appellate Panel in In re Vondall, 364 B.R. 668, 671 (B.A.P. 8th Cir. 2007) (applying Minnesota law) states: "Constructive notice of a mortgage arises as a presumption of law from the existence of a properly recorded instrument. Constructive notice is strictly limited to what is set forth on the face of a mortgage."

The Credit Union admits that the legal description is incorrect. However, it asserts that it intended, in good faith, to place a mortgage lien of the properly located at 117 Valley Road. Further, it contends that a lien search using Debtor's name, in conjunction with the street address of 117 Valley Road, would reveal the Credit Union's encumbrance on the property.

The law has generally applied strict standards of construction to the adequacy of legal descriptions. However, the Credit Union is correct to the extent that exceptions are made when the defects in the description are of a minor nature. If the defects are minor, courts generally have held that the property is sufficiently described so that a third party would be put on notice to make further inquiry. Under those circumstances, the document is legally sufficient to constitute constructive notice. See Vondall, 364 B.R. at 671; In re Vezinot, 20 B.R. 950, 953 (Bankr. W.D. La. 1982). Iowa has also long recognized that inaccurate legal descriptions can suffice to constitute constructive notice. See Albia State Bank v. Smith, 141 Iowa 255, 119 N.W. 608 (Iowa 1909); Hershey v. Blackmarr, 20 Iowa 161 (1866). Under this analysis, a subjective evaluation is done of the existing legal description on a case by case basis to determine its adequacy. An example of this analysis is set forth in Mid-State Homes, Inc. v. Knapp, 156 So.2d 122, 125 (La. App. 1963) (citing White v. Ouachita Natural Gas Co., 177 La. 1052, 150 So. 15 (La. 1933)) where it states:

7

> We think the description was sufficient. It suffices if the description be "such as to enable the court to determine with certainty, with the aid of such extrinsic evidence as is admissible under the rules of evidence, what property was intended by the parties to be covered thereby. The description need not be given with such particularity to make a resort to extrinsic evidence unnecessary."

The results of this type of analysis vary depending upon the nature and extent of the defect in the description.

Almost universally, however, courts have adopted a different analysis when the legal description is correct but describes the wrong property. These holdings provide that if a legal description is so inaccurate or faulty as to be actually misleading, it does not constitute constructive notice to third parties. This is true of all cases in which the mortgage contains a correct legal description but describes a parcel other than the subject property. It is this proposition which is implicated here and provides the appropriate framework for a determination of whether the legal description in this case provides constructive notice. Several courts have addressed the issue under facts identical to those presented here. The Louisiana Court of Appeal in <u>Knapp</u> held:

> Of course where the description in the recorded deed is so Misleading that it actually describes accurately some other property than that mortgaged or sold, a purchaser is not only not put on his guard thereby, but is actually put off his guard, and in such case a resort to outside evidence would have the effect not merely of making the description certain, but of actually changing the record; and this cannot be allowed.

<u>Knapp</u>, 156 So.2d at 126, (citing <u>Ducre v. Milner</u>, 165 La. 433, 115 So. 646 (1928)).

Although <u>Knapp</u> describes an interpretation of Louisiana law, it is a result consistent with conclusions reached by the Iowa courts. Under almost identical facts, the Iowa Supreme Court held that:

> A searcher for incumbrances, for instance, would have no occasion to look beyond the index book until he found a piece of property which in description would correspond with that the title of which he was

> investigating, and it would be strange indeed that he
> should, under such circumstances, be charged with a
> knowledge of facts recited in a mortgage given on
> another and distinct piece of property.

Scoles v. Wilsey, 1860 WL 362, at *3.

Therefore, if the legal description on a mortgage describes a completely different parcel, the mortgage fails to provide constructive notice to third parties. The Credit Union's arguments may have equitable appeal if the conflict were between the mortgagor and mortgagee. This Court must analyze the defect, however, as if Trustee is a bona fide purchaser without notice. Under these circumstances, equitable principles, such as reformation, do not apply.

Iowa's Recordation Statute has been in existence for 150 years. During that time, the essence of the statute has remained constant. It is the legal description of the property which provides the triggering mechanism for constructive notice. The courts have made exceptions for minor irregularities in the legal description under limited circumstances. However, this Court has found no authority that has concluded that a legal description such as provided in this case, which describes the wrong parcel of real estate, constitutes constructive notice. When an accruate legal description describes the wrong property, it is completely misleading and does not constitute constructive notice under Iowa law.

In summary, the Credit Union's defense has equitable appeal. However, equitable arguments are unavailing when applied to these facts and the legal principles defined by Iowa law. As a bona fide purchaser without notice, Trustee is entitled to avoid the lien of the Credit Union and is further entitled to recover the real estate in question for the benefit of the bankruptcy estate, free and clear of any liens or property interest claimed by the University of Iowa Community Credit Union.

**WHEREFORE**, for the reasons set forth herein, the Motion for Summary Judgment filed by Trustee is GRANTED.

**FURTHER**, pursuant to 11 U.S.C. § 544(a)(3), the lien of the University of Iowa Community Credit Union is avoided on the real estate described as follows:

> A tract of land located in the Northwest Quarter of
> Section 19, Township 80 North, Range 3 West of the 5th
> Principal Meridian, Cedar County, Iowa. Said tract of

land being a part of Lot 5 and a part of Block 1 of a plat recorded in Book 3 page 251 of the Cedar County Surveyor's Records, and more particularly bounded and described, to-wit: Commencing at the Northwest corner of said Section 19 and assuming the north line of the Northwest quarter to bear N90°00'E; thence N90°00'E along the north line of said Section 19, a distance of 907.52 feet to wood corner post, thence S8°15'E a distance of 70.15 feet; thence N81°45'E a distance of 52.80 feet; thence S8°15'E a distance of 34.98 feet; thence S44°10'W a distance of 215.00 feet; thence N41°40'W a distance of 181.80 feet:

**FURTHER**, Trustee is entitled to recover this real estate and dispose of it as an estate asset for the benefit of the bankruptcy estate, free and clear of any lien or property interest of the University of Iowa Community Credit Union.

Dated and Entered: April 24, 2008

*/s/ Paul J. Kilburg*  _____

Paul J. Kilburg
Bankruptcy Judge